GEORGE W. SIEBER & another[1] *vs.* ZONING BOARD OF APPEALS OF WELL-FLEET & others.[2] September 16, 1983. *Zoning*, Lot size, Frontage, Exemption.

The plaintiffs brought this action seeking (1) judicial review of a decision by the zoning board of appeals of Wellfleet (board), and (2) a de-

---

[1] Roberta H. Sieber.

[2] The Wellfleet inspector of buildings, Daniel C. Sullivan, Barbara L. Sullivan, and the town of Wellfleet.

claratory judgment that the board's decision was contrary to the provisions of G. L. c. 40A, § 6, upon which the decision was premised. The parties submitted a statement of agreed facts, and the action came before the court on cross motions for summary judgment. After hearing, the judge granted the defendants' motion and declared the board's decision to be within its authority.

The defendants Daniel C. and Barbara L. Sullivan own a parcel of land (locus), with a frontage of eighty feet and an area of 5,600 square feet, in a section of Wellfleet zoned for residential use. The relevant zoning by-law prescribes a minimum frontage of 125 feet and an area of 20,000 square feet for construction on a lot in the residential zone. In 1979, the Sullivans applied for and were granted a building permit authorizing construction of a single-family house on the locus. The plaintiffs, who own property adjoining the locus, sought review before the board, which subsequently upheld the grant of the permit. The instant action was thereafter filed in the Superior Court.

In granting summary judgment for the defendants, the judge ruled that the board had acted lawfully in approving the building permit because the locus had the benefit of the grandfather provision in the first sentence of c. 40A, § 6, fourth par., inserted by St. 1975, c. 808, § 3. That statute provides, in relevant part: "Any increase in area, frontage, width, yard, or depth requirements of a zoning ordinance or by-law shall not apply to a lot for single and two-family residential use which at the time of recording or endorsement, whichever occurs sooner was not held in common ownership with any adjoining land, conformed to then existing requirements and had less than the proposed requirement but at least five thousand square feet of area and fifty feet of frontage." Specifically, the judge ruled that although the locus was first recorded on a plan filed in 1889, when the locus was held in common ownership with adjoining land, the exemption was applicable to the locus because, as evidenced by recorded deeds, it had been held at all times since 1891 in separate ownership from all adjoining land. For the several reasons enumerated in the extensive memorandum filed with the judge's order, we concur.

*Judgment affirmed.*

*Arthur C. Croce* for the plaintiffs.

*Harry Sarkis Terkanian* for Zoning Board of Appeals of Wellfleet & others.